Stephanie R. Tatar (237792)
TATAR LAW FIRM, APC
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@TheTatarLawFirm.com

*Attorneys for Plaintiff*
**STEVEN CRAIG LEE**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CRAIG LEE<br><br>Plaintiff,<br><br>vs.<br><br>CHECKR, INC.<br><br>Defendants. | Civil Action No. 2:16-cv-1145<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT AND THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## I.
## PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended* and the California Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§ 1786.1 *et seq.*

1

## II.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.

### PARTIES

4. Plaintiff Steven Craig Lee is an adult individual who resides in Glendale, California.

5. Defendant Checkr, Inc. ("Checkr") is a business entity that regularly conducts business in the Central District of California, and which has its headquarters and a principal place of business located at 2505 Mariposa Street, San Francisco, CA 94110.

## IV.

### FACTUAL ALLEGATIONS

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties (hereafter the "inaccurate information") from at least August 2015 through the present.

7. The inaccurate information includes, but is not limited to, a criminal conviction for theft in the State of Florida which is not a conviction against Plaintiff, but instead against another person whom Plaintiff does not know and is of no relation to Plaintiff.

8. Defendant, however, has been inaccurately reporting this charge on Plaintiff's consumer report.

9. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's criminal history, Plaintiff's character and misidentified Plaintiff as a convicted criminal. Due to Defendant's faulty procedures, Defendant mixed the consumer file of Plaintiff and that of another individual with respect to the inaccurate information and other personal identifying information.

10. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate information and consumer reports and background reports that it has disseminated to various persons and potential employers, both known and unknown.

11. Plaintiff has applied for and has been denied employment basis for these denials was the inaccurate information that appears on Plaintiff's report, which was a substantial factor for those denials.

12. Plaintiff's consumer reports and file have been obtained from Defendant and have been reviewed by prospective and existing employers, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving employment offers.

13. Plaintiff has disputed the inaccurate information with Checkr by both written communication to their representatives and by following Checkr's established procedures for disputing consumer credit information.

14. Plaintiff has disputed the inaccurate information with Checkr since August 2015.

15. Notwithstanding Plaintiff's efforts, Checkr has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Checkr continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Checkr has repeatedly published and disseminated consumer reports to such third parties from at least August 2015.

16. Despite Plaintiff's efforts, Checkr has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any other relevant documents from the entities furnishing the inaccurate information.

17. Despite Plaintiff's exhaustive efforts to date, Defendant Checkr has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations and/or reinvestigations of the above disputes as required by the FCRA, failed to remove the inaccurate information, failed to note the disputed status of the inaccurate information and continued to report the derogatory inaccurate information about the Plaintiff.

18. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress.

19. Defendant knew or should have known that its actions violated the FCRA. Additionally, Defendant could have taken the steps necessary to bring its agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful,

reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V.

### FIRST CLAIM FOR RELIEF

*Violation of FCRA Sec.1681(e)b*

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

24. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned background check reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. Had Defendant employed, as the FCRA requires, "reasonably procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates," Plaintiff's report would not have included this derogatory and inaccurate criminal history.

27. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

28. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI.

## SECOND CLAIM FOR RELIEF – CHECKR

*Violation of FCRA Sec.1681i*

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Checkr is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. 1681i.

31. The conduct of Checkr was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Checkr is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VII.

## THIRD CLAIM FOR RELIEF

*Violation of ICRAA Cal.Civ.Code 1786.20*

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. Defendant is an "investigative consumer reporting agency" as defined by Cal. Civ. Code § 1786.2(d).

34. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1786.2(b).

35. The above-mentioned consumer reports were "investigative consumer reports" as that term is defined by Cal. Civ. Code § 1786.2(c) and were provided to

1 potential employers for employment purposes, as that term is defined by
2 Cal.Civ.Code. §1786.2(f).

3     36. Pursuant to Cal. Civ. Code § 1786.20, Defendant is liable for violating the ICRAA by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

6     37. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VIII.

### FOURTH CLAIM FOR RELIEF

*Violation of ICRAA Cal.Civ.Code 1786.24*

38. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39. Pursuant to Cal. Civ. Code § 1786.24, Defendant is liable for violating the ICRAA by failing to conduct a reasonable reinvestigation and by failing to consider all relevant information submitted by Plaintiff.

40. Defendant failed to mark the disputed information as disputed in subsequent investigative consumer reporting in violation of Cal.Civ.Code 1786.24.

41. Defendant failed to promptly delete the inaccurate information from Plaintiff's consumer file after its reinvestigation, in violation of Cal.Civ.Code §1786.24(e).

42. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant

is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VIII.
## JURY TRIAL DEMAND

43. Plaintiff demands trial by jury on all issues so triable.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages under the FCRA and ICRAA;

(b) Statutory damages under the FCRA;

(c) Punitive damages under the ICRAA;

(d) Punitive damages under the FCRA;

(e) Injunctive relief under the ICRAA;

(f) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o and ICRAA § 1786.50(a)(2); and

(g) Such other and further relief as may be necessary, just and proper.

Dated: March 28, 2016

         Respectfully Submitted,

         _____
         Stephanie R. Tatar
         Tatar Law Firm, APC
         3500 West Olive Ave., Ste 300
         Burbank, CA 91505
         (323) 744-1146 Telephone
         (888) 778-5695 Facsimile